UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CASE NO. 05-40033

ROBERT SMALE AND LESLIE SMALE,

PLAINTIFFS,

V.

TITLE 11 FUNDING, LLC

DEFENDANT.

RECEIPT # _404519_
AMOUNT $ _250.-_
SUMMONS ISSUED _ν_
LOCAL RULE 4.1 _ν_
WAIVER FORM _ν_
MCF ISSUED _ν_
BY DPTY. CLK. _KH_
DATE _2/22/05_

## COMPLAINT FOR DECLARATORY JUDGMENT

### OVERVIEW

1.     This is an action seeking a declaration of rights of the parties. The Plaintiffs are husband and wife who intend to file for Chapter 7 Bankruptcy relief. The Plaintiffs seek to protect personal property assets, namely two (2) unencumbered motor vehicles with a total value over $30,000.00 from being liquidated in the upcoming Chapter 7 proceeding. The plaintiffs seek authority to make pre-petition financing arrangements so that the motor vehicles will not be subject to liquidation in a Chapter 7 proceeding.

### PARTIES

2.     The Plaintiffs are Robert A. Smale and Leslie F. Smale, husband and wife. The Plaintiffs both reside at 46 Beech Street, Clinton, Massachusetts. They are both age 54.

3.     The Defendant is Title 11 Funding, LLC a duly organized Rhode Island Limited Liability Company.

## JURISDICTION

4.      This Honorable Court, pursuant to *28 U.S.C.A. §2201(a)* has original
        jurisdiction of this matter, the declaration of the rights of parties under *Title 11-
        the Bankruptcy Code*. Procedurally, the *Rules of Civil Procedure* governs this
        action. *Rules of Civil Procedure – Rule 57*.

## PREVIOUS PROCEEDING

5.      The Smales commenced a declaratory judgment action in the Western District
        of the U.S. Bankruptcy Court – District of Massachusetts – Case No. 04-4487.
        The action raised facts and issues identical to those raised in this action. The
        Bankruptcy Court *sua sponte* dismissed the action stating that the Bankruptcy
        Court had no authority to entertain a declaratory action without a pending
        bankruptcy proceeding with the plaintiffs as debtors.

## FACTS

6.      The Smales are a couple who own a home and have a family. They are of a
        middle class station.

7.      The Smales are overwhelmed with consumer debt. Their unsecured debt is
        approximately $124,275.00.

8.      The sudden, recent death of the Smales' fourteen (14) year old daughter in a
        motor vehicle accident in May, 2004 has so affected the Smales that their
        ability to engage in productive income-generating work has been compromised.

9.      The Smales are in need of Chapter 7 relief. The Smales intend to file for
        Chapter 7 relief once the issue presented herein is resolved.

10.     The Smales own two vehicles unencumbered by motor vehicle loans or other
        liens. The vehicles are a 2000 Ford Ranger and a 2001 Toyota Sienna, and
        have a fair market value of five thousand ($5,000.00) dollars and seventeen
        thousand ($17,000.00) dollars, respectively.

11.     The Smales will elect the state exemptions to exempt their property. This
        election is based on the Smales' desire to protect the family residence which
        has equity in excess of that exempted under *U.S.C.A. § 522(d)(1)*.

12.     If the Smales were to file for relief in their present financial situation, the two
        motor vehicles are in imminent danger of liquidation by the interim Chapter 7
        Trustee with only a $700.00 exemption available under *M.G.L .c. 235 §34(16)*.

13.    To protect the motor vehicles from liquidation, the Smales are desirous of borrowing on all available equity, as much as the lender will allow, in their motor vehicles.

14.    The Smales will, in turn, use all the borrowed funds to make an immediate, direct principal payment on the marital home mortgage.

15.    The Smales will then defer their Chapter 7 filing until the preference period for the payment to the mortgagee of 90 days has lapsed.

16.    By these pre-petition actions, the Smales are, in essence, converting motor vehicle equity into residential equity which will be exempt under the statute exemption *M.G.L. Chapter 188 §1.*

17.    The Smales have approached Title 11 Funding, LLC to determine Title 11 Funding, LLC's willingness to loan monies using the unencumbered motor vehicle as collateral. Title 11 Funding, LLC is a lender that provides loans to debtors in bankruptcy proceedings. Title 11 Funding, LLC has indicated that such a loan is of interest to Title 11 Funding, LLC.

18.    Title 11 Funding, LLC has indicated that it will not approve the proposed loan without a judicial determination that such a transaction would not expose Title 11 Funding, LLC to liability for participating in a transaction that may be perceived to violate the bankruptcy law of preference or transfer.

19.    The Smales are of the opinion that the proposed course of action violates no statute. A determination in advance of the Chapter 7 filing is necessary because without an advance determination the Smales will be exposing themselves to potential liability for violation of the *Bankruptcy Code.*

20.    In the event the principal payment was deemed a voidable preference after the Chapter 7 filing, the Smales would be unable to exempt the recovered property because the transfer would be voluntary. This voluntary transfer would exclude the property from being exempted under *11 U.S.C.A. §522(g)(1)(A).*

21.    This Honorable Court, pursuant to *28 U.S.C.A. §2201(a)* may declare the rights and other legal relations of parties as an actual controversy exists. The prospective lender, Title 11 Funding, LLC, refuses to consider a loan to the Smales because Title 11 Funding, LLC believes that the transaction may violate the Bankruptcy Code. The purpose of Declaratory Relief is to afford relief from uncertainty and insecurity with respect to rights, duties, statutes, and legal relations.

Wherefore, the Plaintiffs, Robert A. Smale and Leslie F. Smale, request this Honorable Court to resolve this controversy by entering a Declaratory Judgment on the issue herein presented or refer this action to the Bankruptcy Court for resolution.

Respectfully Submitted,
Robert A. and Leslie F. Smale,
By their Attorney,

Dated: February _17_, 2005

Robert F. Casey, Jr.
6 Lancaster County Road
Harvard, MA 01451
(978) 772-2223
BBO# 077700

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Smale and Leslie Smale

**DEFENDANTS**
Title 11 Funding, LLC

Not applicable

(b) County of Residence of First Listed Plaintiff   Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert F. Casey, Jr., P.C.
6 Lancaster County Road
Harvard, MA  01451
(978) 772-2223

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans | Liability Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| (Excl. Veterans) | ☐ 340 Marine **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product ☐ 370 Other Fraud | | **SOCIAL SECURITY** | 12 USC 3410 |
| of Veteran's Benefits | Liability ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | Product Liability ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | ☐ 360 Other Personal Injury Product Liability | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 900 Appeal of Fee |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | Determination Under Equal Access to |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USCA §2201(a), The plaintiffs seek a declaration of rights in bankruptcy proceeding in advance of filing Ch. 7 in order to avoid*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S)  (See instructions):
IF ANY
JUDGE
DOCKET NUMBER

DATE  2-17-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

*irreparable harm.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

        _____Robert Smale v. Title 11 Funding, LLC_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    ☐    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ☐    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐    V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

        _____Not applicable._____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐        NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                        YES ☐        NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐        NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                        YES ☒        NO ☐

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☐          Central Division ☒          Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies,  residing in Massachusetts reside?

         Eastern Division ☐          Central Division ☐          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                        YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ____Robert F. Casey, Jr._____

ADDRESS ____6 Lancaster County Road, Harvard, MA 01451_____

TELEPHONE NO. ____(978) 772-2223_____

(Coversheetlocal.wpd - 10/17/02)